UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Zljahuc Logan James, #17355-171, a/k/a Zljahuc L. James, | ) | C/A No.: 9:13-1346-JMC-BM |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | Report and Recommendation |
| Bureau of Federal Prisons; BOP Estill, | ) | |
| Defendants. | ) | |

Plaintiff, proceeding *pro se*, files this matter pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971). In *Bivens*, the Supreme Court established a direct cause of action under the Constitution of the United States against federal officials for the violation of federal constitutional rights. A *Bivens* claim is analogous to a claim under 42 U.S.C. § 1983: federal officials cannot be sued under 42 U.S.C. § 1983 and other civil rights statutes because they do not act under color of *state* law.[1]

---

[1] *See Harlow v. Fitzgerald*, 457 U.S. 800, 814-820 & n. 30 (1982). *Harlow*, which is often cited for the principle of the qualified immunity of state officials for acts within the scope of their employment, was brought against a federal official. In footnote 30 of the opinion in *Harlow*, the Supreme Court stated that *Harlow* was applicable to state officials sued under 42 U.S.C. § 1983. *See also Farmer v. Brennan*, 511 U.S. 825 (1994); *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985); *Osabutey v. Welch*, 857 F.2d 220, 221-223 & n. 5 (4th Cir. 1988).

1

Plaintiff claims that his life is in danger, that he is not receiving proper medical care, and that he is not given "legal material." He further claims the Defendants have denied him access to "case numbers and thrown away some institutional remedy process papers." He wants to be moved and/or released. He also seeks damages, and asks for a restraining order. *See* Complaint, *generally*.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, the Prison Litigation Reform Act, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). *Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972); *Fine v. City of N. Y.*, 529 F.2d 70, 74 (2nd Cir. 1975). However, even when considered under this less stringent standard, the complaint submitted in the above-captioned case is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

As an initial matter, the United States cannot be sued without its express consent. Indeed, express consent is a prerequisite to a suit against the United States; *United States v. Mitchell*, 463 U.S. 206, 212 (1983); and the United States has not consented to suit except under the Federal Tort

2

Claims Act. Furthermore, the bar of sovereign immunity cannot be avoided by naming officers, employees, or agencies of the United States as party Defendants. The Defendant Federal Bureau of Prisons (FBOP), which Plaintiff refers to as the "BFOP," is a federal agency. Therefore, the FBOP is immune from suit and is entitled to dismissal as a party Defendant.

With respect to the remaining Defendant "BOP Estill",[2] this is the federal prison facility were Plaintiff is housed. A claim for relief under *Bivens* must sufficiently allege that the Plaintiff was injured by "the deprivation of any [of his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of [ ] law." *Cf. Monell v. Dep't. of Soc. Serv.*, 436 U.S. 658, 690 & n.55 (1978) (noting that for purposes of § 1983 a "person" includes individuals and "bodies politic and corporate"); *see generally* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1230 (2002). Therefore, a defendant in a *Bivens* action must qualify as a "person." Inanimate objects such as buildings, facilities, and grounds are not "persons" and are not proper Defendants in a *Bivens* lawsuit. *FDIC v. Meyer*, 510 U.S. 471, (1994)(A *Bivens* action may be brought for damages against a federal agent, but not a federal agency]; *see also Jones v. U.S. District Court Florence Div.*, No. 07-3854, 2008 WL 2943347 at * 3 (D.S.C. July 29, 2008)(Inanimate buildings or agencies are not amenable to suit in a *Bivens* action and the complaint against them must be dismissed); *cf. Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301(E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."). For the foregoing reasons, "BOP-Estill," which is FCI-Estill, is not a "person" as that term is defined for purposes of a *Bivens* action, and is therefore entitled to dismissal

---

[2] While Plaintiff states in the body of his Complaint that additional Defendants could include "all parties thereof" or "all employees and officers thereof", he has not named or identified any such individuals.



3

as a party Defendant.

## **RECOMMENDATION**

Accordingly, it is recommended that the Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process, for failure to name a proper party Defendant. *See Denton v. Hernandez, supra; Neitzke v. Williams, supra; Haines v. Kerner, supra; Todd v. Baskerville, supra*, 712 F.2d at 74; 28 U.S.C. § 1915(e)(2)(B); and 28 U.S.C. § 1915A [the court shall review, as soon as practicable after docketing, prisoner cases to determine whether they are subject to any grounds for dismissal]; *see also*, n. 2, *supra*.

_____
Bristow Marchant
United States Magistrate Judge

June 26, 2013
Charleston, South Carolina

***The Plaintiff's attention is directed to the important NOTICE on the next page.***

4



### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).



5